UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CR-00048

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.

KALEN WATKINS, et al.                                                                                  DEFENDANTS

**OPINION AND ORDER**

Defendant Kalen Watkins ("Watkins") filed a Motion for a Bill of Particulars. (Docket # 68). The prosecution responded (Docket #76). Subsequently, a Superseding Indictment was filed. (Docket # 78). A Second Superseding Indictment was also filed. (Docket # 114). The Court now DENIES Watkins' Motion for a Bill of Particulars.

Defendant Kenneth Scott Harris ("Harris") also filed a Motion for a Bill of Particulars. (Docket # 120). The prosecution responded. (Docket # 143). The Court now DENIES Harris' Motion for a Bill of Particulars.

The power to grant a Bill of Particulars lies within the sound discretion of the trial court. *United States v. Phibbs*, 999 F.2d 1053, 1086 (6th Cir. 1993); *United States v. Graham*, 487 F.Supp. 1317, 1320 (W.D.Ky. 1980). The Court should grant a Bill of Particulars if it is necessary to avoid surprise at the time of trial, when the indictment is so vague that the defendant cannot prepare his defense, or when the indictment is so indefinite that it would be insufficient to bar a second prosecution for the same crime. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). The Court should not grant a Bill of Particulars merely to aid a defendant in discovery. It is only intended to "give the defendant... that minimum amount of information necessary to permit the defendant to

conduct his *own* investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985) (emphasis in original). Where the prosecution has provided meaningful discovery, a Bill of Particulars may not be necessary. *See United States v. Soc'y of Independent Gasoline Marketers*, 624 F.2d 461, 466 (4th Cir. 1980); *Graham*, 487 F.Supp at 1320. Furthermore, "defendants are not entitled to discover all the overt acts that might be proved at trial." *Salisbury*, 983 F.2d at 1375 (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)).

  Watkins claims that the charges set out in Counts 2 through 5 of the Indictments are insufficient to allow him to prepare a defense. The Counts do allege dates and that Watkins aided or abetted in the commission of certain illegal acts. Although the language listed in Count 2 does not set forth the specific acts in detail which Watkins allegedly committed, the acts are described in sufficient detail in Count 1 of the Indictment, describing the overarching charge of conspiracy. The Court finds that the Indictment as a whole sets forth sufficient information to make a Bill of Particulars unnecessary. Furthermore, the prosecution notes that meaningful discovery has been provided to Watkins throughout the litigation making it possible for him to prepare his defense. For these reasons, Watkins' Motion for a Bill of Particulars is denied.

  Harris challenges the sufficiency of the charges against him in Count 1 of the Second Superseding Indictment which alleges his overt acts in a conspiracy to commit mail fraud by paying kickbacks and accepting payment for work which was not performed. He asserts that the prosecution is required to provide him evidence of the kickback checks, the bills under which he received improper payment, and the details of the exact jobs which were not performed within the Second Superseding Indictment. According to Harris, failure of the prosecution to identify the exact details of each instance he committed an illegality places him at risk for a second prosecution for the same acts he is tried for in this matter, and he is unable to adequately prepare

his defense.  Harris admits that the prosecution has provided him voluminous discovery, as well as the information from his co-defendants' pleas, relating to these incidents, but claims that the discovery is inadequate.  The Court holds that the Second Superseding Indictment is sufficient to allow Harris to seek discovery of documents to support his defense.  If Harris finds that the documents provided in response to his discovery are insufficient or incomplete, a Bill of Particulars is not a proper way to redress the problem as it is not intended to provide further discovery.  Therefore, Harris' Motion for a Bill of Particulars is DENIED.

IT IS HEREBY ORDERED that:

    Defendant Kalen Watkins' Motion for a Bill of Particulars is DENIED.  Defendant Kenneth Scott Harris' Motion for a Bill of Particulars is DENIED.