UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CR-00048

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

KALEN WATKINS, et al.                                                                   DEFENDANTS

**OPINION AND ORDER**

Defendant Kenneth Scott Harris ("Harris") filed a Motion to Dismiss the Indictment against him. (Docket # 106). The prosecution responded. (Docket # 139). The Court now DENIES Harris' Motion to Dismiss.

The Indictment alleges conspiracy to commit mail fraud charges against Harris for his activity in an alleged scheme to defraud Fruit of the Loom through the payment of fraudulent invoices, money laundering, and the payment of kickbacks. The Indictment alleges that between May 28, 1999, and December 31, 1999, as well as between September 7, 2001, and December 21, 2001, Harris committed overt acts in furtherance of the conspiracy. In 2000, Harris left the business entity through which he allegedly conducted the criminal acts and moved to Oklahoma. However, the prosecution claims that he continued to perpetuate the fraud against Fruit of the Loom. The last overt act the prosecution alleges against Harris involves the submission of a fraudulent invoice to Fruit of the Loom in September, 2001, and the related payment to his alleged coconspirator and discussion of payment in December, 2001. The prosecution supports these claims with evidence of a confession by Harris, email correspondence, bank records, and invoices, all of which are disputed by Harris. The Indictment alleges overt acts in furtherance of the conspiracy by Harris' alleged coconspirators through August, 2003.

The original Indictment was filed on September 1, 2006. A Superseding Indictment was filed on March 7, 2007, adding aiding and abetting charges against some defendants, though no new charges against Harris. On April 4, 2007, a Second Superseding Indictment was filed altering money laundering charges against Harris' alleged coconspirators, but not affecting the charges against Harris. Harris moves to dismiss the charges against him as filed outside the statute of limitations for conspiracy charges. Harris claims that the Superseding Indictment (and presumably the Second Superseding Indictment, though it was filed after Harris' Motion to Dismiss) were filed more than five years after any alleged overt act of his. Harris also claims that the prosecution fabricated the overt acts he was alleged to have committed in 2001 as a means to avoid the bar of the applicable statute of limitations. If the Court were to find that the statute of limitations against Harris began at the conclusion of his alleged overt acts in 1999, the original Indictment would also be filed outside the statute of limitations.

The parties agree that the applicable statute of limitations for conspiracy charges is five years, running from "the date of the last overt act in furtherance of the conspiracy alleged in the indictment." *United States v. Grenoble*, 413 F.3d 569, 574 (6th Cir. 2005). *See also* 18 U.S.C. § 3283; *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999). Harris claims that the statute of limitations began to run at the conclusion of any overt acts in furtherance of the conspiracy he committed. Because Harris claims that the overt acts he was alleged to have committed in 2001 in the Indictment are a sham invented by the prosecution to reset the statute of limitations, Harris claims that the statute began to run in 1999. If that is the case, the statute of limitations expired before the first Indictment was filed.

The Court finds that the prosecution has stated sufficient factual allegations and evidence

2

that the alleged overt acts by Harris in 2001 are not a sham.  First, the court should not "look behind an indictment, proper upon its face, to determine if it is based on inadequate or incompetent evidence." *United States v. Germain*, 411 F.Supp. 710, 723 (S.D. Ohio 1975); *United States v. Harris*, No. 95-4356, 1997 WL 369439 at *3 (6th Cir. July 1, 1997) (unpublished); *United States v. Graham Mortgage Co.*, 564 F.Supp. 1239, 1246 (E.D. Mich. 1983), *rev'd on other grounds*, 470 F.2d 414 (6th Cir. 1984).  On its face, the Indictment alleges sufficient facts to support the timeliness of its conspiracy charge against Harris.  Although it is not necessary to avoid the dismissal, the prosecution also informs the court of evidence it will present at trial to show that the alleged acts in 2001 are not a mere sham.  While Harris contests this evidence, that merely emphasizes there is a jury question as to whether the acts in 2001 were committed and dismissal is improper.

The Court holds that the Indictment would be timely regardless of whether Harris is found to have committed the alleged overt acts in 2001.  The statute of limitations does not run from the last overt act *committed by Harris* in furtherance of the conspiracy, but the last alleged act *committed by any coconspirator* in furtherance of the conspiracy.  *United States v. Goff*, No. 3:04 CR 140(14), 2006 WL 418632 at *3 (S.D. Ohio Feb. 20, 2006) (unpublished).  Harris does not contest that the last alleged act by a coconspirator was August, 2003; thus, all Indictments and Superseding Indictments filed before August, 2008, are timely.  Harris then claims that he withdrew from the conspiracy in 1999, and the statute of limitations began to run at the time of his withdrawal.  However, withdrawal from a conspiracy requires that the defendant show he "took affirmative action to defeat or disavow the purpose of the conspiracy." *United States v. Lash*, 937 F.2d 1077, 1083 (6th Cir. 1991).  Harris claims that any overt acts he committed in

3

furtherance of the conspiracy were completed in 1999, but "[m]ere cessation of activity is not sufficient" to effectively withdraw from a conspiracy for the purposes of continued liability of actions of coconspirators and running of the statute of limitations. *Id.* Since Harris has not proven withdrawal, any Indictment filed before August, 2008, is timely.

Although the Court has already determined that the Superseding Indictment and Second Superseding Indictments are timely because they were filed before August, 2008, it is clear that they would be applicable to Harris even if the statute of limitations began to run at the conclusion of his alleged acts in 2001. "[I]t is well established that as long as a superseding indictment does not broaden the original indictment, the superseding indictment relates back to the original indictment, even if the superseding indictment is filed outside the statute of limitations." *United States v. Watford*, 468 F.3d 891, 908 (6th Cir. 2006). An indictment is broadened when the prosecution "broadens the possible bases for conviction beyond those presented by the grand jury." *Id.* Because the charges against Harris alleged in Count 1 remained entirely unaltered in the Superseding and Second Superseding Indictments, they relate back to the original Indictment which was timely filed.

For the above reasons, IT IS HEREBY ORDERED that Harris' Motion to Dismiss the Indictment as untimely is DENIED.