UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06-CR-00048

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

KALEN WATKINS, et al.                                                 DEFENDANTS

**OPINION AND ORDER**

Defendant Kenneth Scott Harris ("Harris") moved for the recusal of Assistant United States Attorney David Weiser ("Weiser") in this matter. (Docket # 107). Defendant Kalen Watkins ("Watkins") moved to adopt and join Harris' Motion to Recuse. (Docket # 112). The prosecution filed a Response to the Motion to Recuse. (Docket # 123). The Court now DENIES Harris' Motion to Recuse.

The parties agree that, before the Indictment in this case was filed, Weiser and FBI Special Agent Dick Glenn ("Glenn") arrived at Harris' workplace to conduct a surprise interview. Harris consented to the interview. Afterward, Glenn summarized the meeting in a report for the FBI. Harris notified Glenn and Weiser that he disputed the accuracy of Glenn's characterization of some of the statements made at the meeting. Weiser has stated that Harris confessed at this meeting. Weiser partially based the Indictment on some statements attributed to Harris at the meeting. Harris contends that some of his codefendants have based their confessions on Weiser's statements that Harris confessed at the meeting. Harris alleges that Weiser's continued prosecution of this case is improper for two reasons: because a jury will improperly interpret Weiser's presence at the meeting as an implied endorsement of Glenn's testimony and because Weiser has put himself in a position where he might be necessary as a

witness in the case.

Courts have held that an attorney may not interject his personal opinion of a witness' credibility at trial. *United States v. Carroll*, 26 F.3d 1380, 1387-88 (6th Cir. 1994); *United States v. Torres*, 503 F.2d 1120, 1126 (2nd Cir. 1974). In *Carroll*, the Court held that the prosecutor improperly influenced the jury by articulating his support for the credibility of a witness. The Court found that the defense's objection and the Court's admonishment to the jury were insufficient to cure the error, and a new trial was required. 26 F.3d 1380. In *Torres*, the prosecutor again articulated his support for the credibility of a witness by reinterpreting the testimony for the jury and adding in new facts. The Court found that the attorney was allowed to tell the jury that they were given no reason to disbelieve the witness' testimony, but because the prosecutor supplemented and interpreted the testimony, a new trial was warranted. 503 F.2d 1120. Both of these situations differ from the instant case in that the prosecutor verbally bolstered the credibility of the witness with his or her own opinion. In this case, the prosecutor agrees not to state his personal opinion about Glenn's credibility. Furthermore, the prosecution agrees not to elicit testimony revealing his presence at Harris' interview to the jury. Therefore, the defense's fears that the jury will feel that the prosecution is implicitly affirming Glenn's testimony by revealing his presence at Harris' interview is needless. There is no reason to believe that the jury will be improperly led to believe that the prosecutor is vouching for Glenn's testimony.

Harris also objects to Weiser's participation in the trial because he may be called as a witness in the case regarding both the content of Harris' interview and the possibility that Weiser improperly used Harris' alleged confession to induce other defendants' pleas. A court has

discretion to allow a party to call a prosecutor as a witness to the events which happened at a defendant's interview only when the defendant shows a "compelling and legitimate need" for the testimony. *Unites States v. Dempsey*, 740 F.Supp. 1295, 1297 (N.D. Ill. 1990). *See also United States v. Zeisman*, 409 F.3d 941, 950 (8th Cir. 2005); *United States v. Regan*, 103 F.3d 1072, 1083 (2nd Cir. 1997); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982). However, when it is necessary for the government to call the prosecutor as a witness in its case, "the trial of the case should be entrusted to a colleague." *United States v. Pepe*, 247 F.2d 838, 844 (2nd Cir. 1959) (citing *United States v. Alu*, 246 F.2d 29 (2nd Cir. 1959)). *See also United States v. Johnson*, 690 F.2d 638, 642-43 (7th Cir. 1982) (holding that an attorney who will obviously be a significant witness in a case generally should not represent the client unless his absence will create "substantial hardship." The court reasons that a testifying prosecutor might add a testimonial qualify to his closing argument, add credibility to his testimony by his position with the government, be unable to testify as an impartial witness, and will otherwise appear unjust).

  The prosecution claims that the Court will not likely encounter any problem with Weiser being called as a witness. The prosecution does not intent to call Weiser to bolster Glenn's testimony; indeed, the prosecution has taken none of the steps required of it by 28 C.F.R. § 16.21, *et seq.*, before it could call Weiser to the stand. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 470 (1951). *See also Boron Oil Co. v. Downie*, 873 F.2d 67, 71-72 (4th Cir. 1989); *United States Steel Corp. v. Mattingly*, 663 F.3d 68, 68 (10th Cir. 1980); *Reynolds Metal Co. v. Crowther*, 572 F.Supp. 288, 290 (D.Mass. 1982).

  The prosecution also suggests that it is unlikely that the defendants will wish to call Weiser to the stand. Weiser's testimony is clearly unfavorable to Harris. Even if the defendants

did seek Weiser's testimony, the Court would not allow Weiser to testify absent a showing of a "compelling and legitimate need" for his testimony. *Dempsey*, 740 F.Supp. at 1297. The defendants have not sought to prove a need for the testimony to the Court. If such a need were shown, the prosecution feels it could show that "substantial hardship" would occur if Weiser were removed from this case. *Johnson*, 690 F.2d at 642. Weiser has worked on this matter for approximately two years and is familiar with the facts and procedural history. The prosecution claims that it would be difficult and wasteful to replace him only a few months from the trial date. *See Regan*, 103 F.3d at 1083.

As the case stands now, there is no reason for the Court to believe that either party intends to call Weiser as a witness. Therefore, the defendant has shown no reason for recusal at this time. Should the defendant seek Weiser's testimony, the Court will analyze whether there is appropriate need for the testimony, whether recusal would then be proper, and whether the prosecution would suffer substantial hardship by Weiser's removal, as well as considering the possibility of Weiser stipulating to his testimony to be introduced into evidence if necessary. *See Tamura*, 694 F.2d at 601.

IT IS HEREBY ORDERED that Defendant Harris' Motion for Recusal is DENIED.