UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1-06-CR-48

UNITED STATES OF AMERICA                                               PLAINTIFF

v.

KALEN WATKINS, et al.                                                 DEFENDANTS

**OPINION AND ORDER**

Defendant Kenneth Scott Harris ("Harris") filed a Motion to Dismiss this matter for Prejudicial Pre-Indictment Delay. (Docket # 153). The prosecution responded. (Docket # 161). The Court now DENIES the Motion to Dismiss for Prejudicial Pre-Indictment Delay.

Harris filed a Motion to Dismiss the Indictment as Insufficient. (Docket # 155). The prosecution responded. (Docket # 160). The Court now DENIES the Motion to Dismiss for Insufficiency of the Indictment.

Harris filed a Motion to Sever the claims against him from the trial of the other defendants listed in the Indictment. (Docket # 159). The prosecution responded. (Docket # 163). The Court now DENIES the Motion to Sever.

**I.      Motion to Dismiss for Prejudicial Pre-Indictment Delay**

The Court may dismiss a matter for prejudicial delay "only when the defendant shows substantial prejudice to his right to fair trial and that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984) (quoting *United States v. Brown,* 667 F.2d 566 (6th Cir. 1982)). Harris claims that he suffered prejudice because of the length of time between his alleged criminal acts in this matter,

ending in December 2001, and the filing of the Indictment in this matter in September 13, 2006. Harris states that the delay has caused the unavailability of employment documents relevant to this matter and the difficulty of obtaining witnesses due to relocation. Harris notes that the employment documents are relevant to his case and the prosecution's, but that the documents were not obtained through discovery.

However, Harris has noted no evidence of dilatory tactics on the part of the prosecution. The Indictment in this matter alleges criminal acts by Harris's coconspirators until September 2003. The prosecution claims that the following three years were spent in investigation of these activities before the filing of the Indictment. Harris does not contest that the prosecution engaged in investigation during this time, nor does he state any basis to support that the prosecution purposefully delayed the Indictment to create an advantage at trial. Because Harris has presented no evidence that any delay was an intentional tactic by the prosecution, dismissal for delay is improper. *See id.*; *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986) (citing *United States v. Lovasco*, 431 U.S. 783, 791 (1977)); *United States v. Duncan*, 763 F.2d 220, 222 (6th Cir. 1985).

**II.     Motion to Dismiss for Insufficiency of the Indictment**

Harris seeks to dismiss the Indictment because he contends that it does not specifically allege all acts he performed in furtherance of the alleged conspiracy. Harris claims that this lack of specificity does not put him on sufficient notice of the charges against him and that the vagueness of the charges places him at risk for further prosecution in double jeopardy. The prosecution notes that this precise argument was addressed in the Court's Order denying Harris' Motion for a Bill of Particulars. (Docket # 146). As the Court held in that Order, the Second

Superseding Indictment is sufficient to apprise Harris of the charges against him and bar a prosecution for those actions. Harris is not entitled to an exact description of all acts the prosecution seeks to prove at trial. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The Court declines to find the Indictment so insufficient as to require dismissal of the charges against Harris.

**III.     Motion to Sever Claims against Harris**

Harris contends that his trial must be severed from that of Defendant Kalen Watkins ("Watkins") for Harris to maintain a defense. The prosecution intends to show that Harris contracted with Watkins to perform services for Fruit of the Loom. The prosecution claims that Harris and Watkins conspired to receive payment for work that was not performed. Harris states that his only evidence in answer of these allegations is the testimony of Watkins that Harris was only paid for work which was performed as contracted and that Watkins did not conspire with Harris. Harris states he is uncertain whether Watkins will testify in his own trial, but states that Watkins' attorneys have indicated he would testify on Harris' behalf if the trials were severed.

"Persons jointly indicted normally should be tried together." *United States v. Gallo*, 763 F.2d 1504, 0525 (6th Cir. 1985). However, severance is allowed in certain circumstances. "A motion for severance on the ground of absence of a codefendant's testimony must be accompanied by more than a basic, unsupported contention that a separate trial would afford the defendant exculpatory testimony." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987). "A stringent test is to be employed in ruling on a motion for severance in order to obtain a codefendant's testimony. The defendant must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that

the codefendant will in fact testify if the cases are severed." *Id.*

The prosecution argues that Harris has not demonstrated a need for Watkins' testimony. The prosecution contends that Watkins' denial of a conspiracy with Harris is clear from his not guilty plea on conspiracy charges. However, this is not dispositive. Watkins might testify that Harris did not commit fraud on his own or conspire with other defendants.

The prosecution also contends that Harris has not demonstrated that Watkins will in fact testify if the trials are severed. Harris states that "the fact to which Watkins would testify are not... self-incriminating" and that Watkins could not assert the Fifth Amendment privilege against testifying. However, Harris also notes that Watkins will testify that "he was involved with other co-defendant's [sic] in a scheme to defraud Fruit of the Loom." The prosecution argues that it is likely that, if Harris is tried before Watkins, Watkins will refuse to testify and continue to assert his privilege against self-incrimination because this admission could be used against him in a later trial. The Court agrees. Unless Watkins is tried before Harris, Harris cannot show that Watkins would testify if the trials were severed. "The moving defendant has not demonstrated the likelihood that a co-defendant will testify if the cases are severed when the co-defendant's offer to testify is conditioned on his vase being tried first. The Sixth Circuit has held that it is not willing to read Rule 14 as a mechanism for alleged co-conspirators to control the order in which they are tried." *United State v. Crowder*, No. 1:05 CR 449, 2006 WL 126614 at *2 (N.D. Ohio Jan. 17, 2006). Because Harris has not shown that Watkins would certainly testify if the trials were severed, severance is, at this time, improper.

In any event, the matter of severance is now moot. The government and Defendant Watkins have informed the Court that they have reached a plea agreement and a plea will be

entered prior to trial.

IT IS HEREBY ORDERED AND ADJUDGED that:

Harris' Motion to Dismiss for Prejudicial Pre-Indictment Delay is DENIED;

Harris' Motion to Dismiss for Insufficiency of the Indictment is DENIED; and

Harris' Motion to Sever is DENIED.