UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1-06-CR-48

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.

KALEN WATKINS, et al.                                                            DEFENDANTS

**OPINION AND ORDER**

Harris filed a Motion to Suppress certain statements he made.  (Docket # 154).  The prosecution responded.  (Docket # 162).  The Court now DENIES the Motion to Suppress.

Harris contends that statements he made during an interview with law enforcement agents on February 24, 2006, should be suppressed at his trial.  Harris claims that he was in custody at the time he made the statements, was told that he would be arrested if he requested an attorney, and that he was coerced to make self-incriminating statements.  Harris also claims that he was coerced to call his wife on speakerphone and elicit incriminating statements from her in the presence of the law enforcement agents.  The prosecution contends that Harris was not in custody, but was merely questioned.   The prosecution also argues that Harris' statements were voluntary and that police did not threaten or force Harris to do anything.  Numerous issues of fact remain about the actual events during Harris' interview on February 24, 2006.

Before introducing Harris' statements, the prosecution must show that they were not involuntarily taken from Harris in violation of his Fifth Amendment rights.  *Mincey v. Arizona*, 437 U.S. 385, 398 (1977).  Law enforcement officers are not necessarily required to provide a person with *Miranda* warnings and the right to an attorney when that person is not in custody.

*Beckwith v. United States*, 425 U.S. 345 (1976); *Miranda v. Arizona*, 384 U.S. 436, 477-78 (1966). In determining whether Harris was in custody, the Court considers the circumstances surrounding the interrogation and whether a reasonable person would "have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane*, 516 U.S. 99 (1995). The Court finds that Harris was not in custody at the time of his confession. The law enforcement officers interviewed Harris at his workplace, allowed him to go back to work directly after their encounter, and did not physically detain him in any way. There is no indication that Harris was prohibited from leaving the room at his request. In fact, Harris admits that when he did request to leave the room to go to the bathroom, he was allowed to do so. Alrhough Harris argues that Assistant United States Attorney David Weiser escorted him to the restroom, the Court believes this was coincidence as opposed to an intentional escort. Although Harris claims he was in custody, he has presented no evidence to rebut the law enforcement officers' statement that he was free to leave. In the circumstances presented in this matter, it appears that a reasonable person would believe that he was free to leave the conference room during the interview because he was not physically restrained.

Harris also states that his confession was involuntary because the law enforcement officers used psychological pressure and threats to interview his wife to coerce a confession. A defendant's statements are involuntary if the following three factors are met: 1) the police activity during the interrogation was objectively coercive; 2) the coercion was sufficient to overcome the defendant's will; and 3) the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statement. *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999), *citing McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988). Harris notes

that, while the officers did not physically coerce a statement, he was coerced through psychological pressure. *See Arizona v. Fulminate*, 499 U.S. 279 (1991). Harris claims that the officers' disclosure that other evidence was sufficient to support an indictment against him, the officers' discovery of checks that could implicate his wife, the several hour long interview, and the officers' insistence that he question his wife coerced the statements. However, the Sixth Circuit has found that similar tactics, even tactics involving long interviews and physical threats, did not constitute coercion. *See, e.g., United States v. Mahan*, 190 F.3d 416, 423 (6th Cir. 1999); *United States v. Gatewood*, 184 F.3d 550 (6th Cir. 1999); *United States v. Rigsby*, 943F.2d 631 (6th Cir. 1991); *McCall*, 863 F.2d 454.

The prosecution notes that Harris' characteristics are relevant to whether he was coerced in this matter. The Court must balance the pressure caused by police conduct with Harris' will to make his own decisions. Relevant factors are Harris' age, education, intelligence, awareness of rights, length of questioning, and use of physical punishments. *United States v. Ostrander*, 411 F.3d 684, 696 (6th Cir. 2005). Because Harris is a highly educated professional, granted a high level of security clearance as an employee of the federal government, and has worked as a business owner and professor, the Court finds that there is no reason to believe his will was overborne in the absence of physical threats or abuse. *See. McCall*, 863 F.2d at 460. Furthermore, it is likely that Harris' wife's statements over the phone in the presence of the federal agents are a strong motivating factor, in addition to the officers' questioning, in his confession. For these reasons, the Court finds that Harris' statements were not coerced and the presentation of his statements at trial will not violate his constitutional rights. Therefore, Harris' Motion to Suppress is denied.

IT IS HEREBY ORDERED AND ADJUDGED that Harris' Motion to Suppress is DENIED.